(595 P.2d 731)

No. 50,008

IN THE INTEREST OF ELDIN CLARENCE JOHNSON, A Minor

Opinion filed June 1, 1979. 

*J. Patrick Caffey*, of Littrell, Caffey & McKee, of Manhattan, for appellant, Eldin Clarence Johnson.

*Charles K. Ball*, assistant county attorney; *Dennis C. Sauter*, county attorney; and *Curt T. Schneider*, attorney general, for appellee, State of Kansas.

Before SPENCER, P.J., SWINEHART and MEYER, JJ.

MEYER, J.: This is an appeal by a minor from the determination that he should be tried as an adult.

The sole issue is whether the Riley district court could properly determine that the minor was not a fit and proper subject for disposition under the juvenile code despite the fact that Pottawatomie district court had previously determined otherwise on a different alleged offense.

Eldin Johnson had been before the Juvenile Division of the Riley County District Court on several occasions in 1976 and 1977. While absent without authority from the Youth Center in Topeka, he was arrested for burglary and held in the Riley County Jail. While there he allegedly assaulted a jailer. The county attorney moved to certify Johnson as an adult. At about the same time, the county attorney of Pottawatomie County moved to certify Johnson as an adult in a charge pending there. The Pottawatomie district court overruled the motion. The Riley County case was subsequently heard. Counsel for Johnson argued that the Pottawatomie County determination was res judicata. The Riley district court rejected that argument and certified Johnson for trial as an adult. This appeal followed.

In *State, ex rel., v. Owens*, 197 Kan. 212, 225, 416 P.2d 259 (1966), the Kansas Supreme Court noted the juvenile code's express standard for certification of a juvenile to be tried as an adult: whether the minor is "amenable to the care, treatment and

training program available through the facilities of the juvenile court."

Subsequent Kansas cases elaborated on the factors to be considered by the district court in determining a juvenile's amenability to treatment. Thus, the "standard" was expanded, directing the court to consider: (1) social records on reports; (2) prior juvenile records showing unsuccessful efforts at rehabilitation; (3) the nature of the juvenile's prior delinquency; (4) the effect of counseling; (5) evidence of persistent prior misconduct; (6) if one or more juveniles are involved, efforts to differentiate among the juveniles as to culpability; and (7) the availability of appropriate juvenile institutions. *In re Ferris,* 222 Kan. 104, 109-110, 563 P.2d 1046 (1977); *State v. Green,* 218 Kan. 438, 444, 544 P.2d 356 (1975); *In re Patterson, Payne & Dyer,* 210 Kan. 245, 250, 499 P.2d 1131 (1972).

The current juvenile code, K.S.A. 1978 Supp. 38-808(*b*), now provides slightly different factors for the district court to consider in determining whether a juvenile is a fit and proper subject to be dealt with under the juvenile code. K.S.A. 1977 Supp. 38-808(*b*), applicable at the times relevant herein, provides in part:

"In determining whether or not such finding should be made, the court shall consider each of the following factors: (1) Whether the seriousness of the alleged offense is so great that the protection of the community requires criminal prosecution of the child; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) the maturity of the child as determined by consideration of the child's home, environment, emotional attitude and pattern of living; (4) whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted; (5) the record and previous history of the child; (6) whether the child would be amenable to the care, treatment and training program for juveniles available through the facilities of the court; and (7) whether the interests of the child or of the community would be better served by criminal prosecution of the child. The insufficiency of evidence pertaining to any one or more of the factors listed in this subsection shall not in and of itself be determinative of the issue."

Three of the seven factors in K.S.A. 1977 Supp. 38-808(*b*) concern the alleged offense, which in the matter before us was different as between the two counties involved: (1) the seriousness; (2) whether it was committed in a violent or willful manner; and (4) whether it was against persons or property.

The statutes with which we are concerned in this matter, primarily K.S.A. 1977 Supp. 38-806 and K.S.A. 38-811, are no

model of consistency in that K.S.A. 1977 Supp. 38-806(*a*) gives jurisdiction to the district court of any child "living or *found* within the county who appears to be delinquent . . ." (emphasis added), and yet K.S.A. 38-811 states:

"Venue of any case involving a delinquent child, a miscreant child, a wayward child, a traffic offender or a truant shall be in any county where an alleged act of delinquency is committed or in the county of his residence."

As will be set out more fully below, the Pottawatomie County District Court was not advised of the Riley County transgression; therefore, we feel that the legislative intent in cases such as this permits a second, though different, determination by a different district court.

As the Supreme Court noted in *In re Ferris,* 222 Kan. at 112, although the gravity of the offense cannot be the controlling factor the disposition of a case should be tailored to the offender. Thus, the gravity of an alleged offense (such as whether it was an offense against persons) may well make a difference in determining if the alleged offender should be dealt with as an adult.

In the case at bar, the offense alleged in Pottawatomie County was (delinquency amounting to) grand theft. In Riley County appellant was charged with (delinquency amounting to) aggravated assault. Not only is aggravated assault considered more serious misconduct (by virtue of being directed against a person, with the possibility of inflicting serious bodily harm) but, at the time of the Riley County hearing (March 2, 1978), the judge had one more adjudication of delinquency on appellant's record to consider, *i.e.,* the Pottawatomie County disposition.

Appellant argues that because the Pottawatomie County prosecutor was informed of the charge and pending hearing in Riley County before the Pottawatomie County hearing began, the Riley County matter was actually adjudicated and disposed of at the Pottawatomie County hearing. We disagree. Mere notice to the Pottawatomie County prosecutor of the aggravated assault charge elsewhere certainly did not satisfy the substantial competent evidence standard. Even if evidence of the alleged aggravated assault had been presented to the Pottawatomie district court (which it was not), there would be a real question whether that court would have, absent the appropriate motions and orders, jurisdiction over an offense charged and pending hearing in Riley County.

The prosecutors and guardians ad litem were different in the two hearings. More importantly, the charges were different, alleging different offenses and requiring different evidence for proof.

Appellant cannot collaterally attack the Riley County determination with the Pottawatomie County decision. A fundamental rule in Kansas is where a court has jurisdiction of the parties and the subject matter of an action and renders a judgment within its competency (even if erroneous), that judgment is final and may be attacked only by direct appeal. *State v. Shepherd,* 213 Kan. 498, 505, 516 P.2d 945 (1973).

The juvenile code venue section, K.S.A. 38-811 (K.S.A. 1978 Supp. 38-811 is enlarged considerably, though for our purposes here, not significantly different) reveals that venue was proper in each county for the offense allegedly committed within its borders.

The two hearings could have been consolidated pursuant to K.S.A. 1977 Supp. 38-812. The fact that this was not done does not render the determination by either district court erroneous. K.S.A. 1977 Supp. 38-808(*b*) and (*c*) essentially provide that the determination of a juvenile offender's amenability to discipline under the juvenile code is an on-going issue. While a particular offense may not be serious enough, considering the K.S.A. 1977 Supp. 38-808(*b*) factors, to support a finding that the minor should be tried as an adult, a subsequent, more serious offense (especially if the minor has by then built up a "record") may be sufficient to satisfy the substantial competent evidence standard. One adjudication of amenability to the juvenile process does not preclude all future determinations to the contrary. Were it not for the proximity of time of the two hearings at issue here, it is doubtful that appellant would have even argued res judicata.

Appellant does not question whether the Riley district court's findings were supported by substantial competent evidence. Review of the transcript of the certification hearing reveals that the judge had competent evidence of appellant's past juvenile record and lack of success in previous dispositions under the juvenile system, as well as evidence concerning the availability of both juvenile and adult detention facilities. The district court's conclusion that, considering the K.S.A. 1977 Supp. 38-808(*b*) criteria, appellant was not a fit and proper subject to be dealt with under

the juvenile code is supported by substantial competent evidence.

We note that subsequent to the hearing before this court, and on May 15, 1979, a motion was filed herein by the appellee, State of Kansas, for an order dismissing this appeal as being moot. This motion is accompanied by a stipulation of facts filed between parties to the effect appellant herein was tried as an adult in Riley County, was found guilty of aggravated assault by a jury, and was thereafter sentenced to a term of three to ten years but placed on probation for a period of two years. The stipulation also notes that on April 21, 1979, appellant became 18 years of age. We fail to see why this stipulation of facts would render this case moot because were we to find that appellant was improperly certified to stand trial as an adult, the May 30, 1978, jury trial finding of guilt would need to be set aside and the matter remanded to the juvenile court for appropriate proceedings. Because of our decision in this case, such a resolution has not been reached. Nevertheless the motion to dismiss by reason of claimed mootness is denied. The decision of the trial court in finding that the appellant should be tried as an adult is affirmed.

Affirmed.